UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN L. MEIRING, <br><br>    Plaintiff, <br>  v. <br> CITY OF RENO, *et al*, <br><br>    Defendants. | Case No. 3:15-cv-00423-MMD-VPC <br><br> ORDER ACCEPTING AND ADOPTING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE VALERIE P. COOKE |

Before the Court is the Report and Recommendation of United States Magistrate Judge Valerie P. Cooke (dkt. no. 4) ("R&R"), recommending that the Court dismiss this action without prejudice, without leave to amend. An objection to the R&R was timely filed by Plaintiff ("Objection") (dkt. no. 5). Plaintiff also filed a motion to modify or set aside the Magistrate Judge's R&R ("Motion") (dkt. no. 7).

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard

of review employed by the district court when reviewing a report and recommendation to which no objections were made); *see also Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) (reading the Ninth Circuit's decision in *Reyna-Tapia* as adopting the view that district courts are not required to review "any issue that is not the subject of an objection."). Thus, if there is no objection to a magistrate judge's recommendation, then the court may accept the recommendation without review. *See, e.g.*, *Johnstone*, 263 F. Supp. 2d at 1226 (accepting, without review, a magistrate judge's recommendation to which no objection was filed).

In light of Plaintiff's Objection, the Court has engaged in a *de novo* review to determine whether to adopt Magistrate Judge Cooke's recommendations. Plaintiff asserts claims under 42 U.S.C. § 1983 against Defendants the City of Reno ("the City"), Kenneth Howard ("Judge Howard") and other individuals ("Individual Defendants") based on events surrounding "an alleged wrongful conviction of the criminal misdemeanor 'petty' offense, Driving Under the Influence." (Dkt. no. 3 at 2.) The Magistrate Judge found that Plaintiff's claims are barred under *Heck v. Humphrey,* 512 U.S. 477 (1994)[1] because Plaintiff is essentially challenging the constitutionality of his state court criminal proceedings, but has not demonstrated that his conviction has been overturned. (Dkt. no. 4 at 3-5.) In his Objection, Plaintiff concedes that "his claims associated with the Reno Municipal Court being without jurisdiction as a result of an invalid criminal complaint, and his claim that he was denied any notice of his right to appeal prior to

---

[1] In *Heck*, the Supreme Court held that "in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." 512 U.S. at 486-87. "A claim for damages bearing that relationship to a conviction or sentence that has not been . . . invalidated is not cognizable under § 1983." *Id.* at 487. "Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id.*

1  entering his plea, do in fact imply the invalidation of his conviction." (Dkt. no. 5 at 4.)
2  Plaintiff states that "he must agree in part with her Honor that claims against the City of
3  Reno and the defendants are barred by Heck; with the only exception being defendant
4  Judge Howard." (*Id.*) In light of Plaintiff's admission, the Court adopts the Magistrate
5  Judge's R&R as it relates to the City and the Individual Defendants.

6  Plaintiff insists that his claims against Judge Howard are not *Heck* barred
7  because he challenges Judge Howard's decisions to dismiss his motion to vacate
8  judgment and to deny his right to appeal that decision, contending that Judge Howard
9  failed to "prove jurisdiction" over a purportedly defective criminal complaint and lacked
10 jurisdiction to interpret "Nevada statutory and constitutional laws." (Dkt. no. 5 at 4-8.) He
11 asserts that Judge Howards' decisions violate his constitutional rights. (*Id.*) Plaintiff is
12 essentially appealing Judge Howard's decisions to deny his motion to vacate judgment
13 and to deny his appeal

14 The Magistrate Judge correctly finds that a judgment in Plaintiff's favor would
15 necessarily result in the invalidation of Plaintiff's conviction. Accordingly, Plaintiff's claims
16 against Judge Howard are barred under *Heck.*

17 Even assuming Plaintiff's claims against Judge Howard are not precluded under
18 *Heck*, the Court is nevertheless without jurisdiction to address Plaintiff's claims under the
19 *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine states that federal district
20 courts may not exercise subject matter jurisdiction over a de facto appeal from a state
21 court judgment. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413, 414–17 (1923); *D.C. Ct. of*
22 *Appeals, et al. v. Feldman*, 460 U.S. 462, 482 (1983). State court litigants may only
23 achieve federal review of state court judgments by filing a petition for a writ of certiorari
24 in the Supreme Court of the United States. *Feldman*, 460 U.S. at 482. The *Rooker-*
25 *Feldman* doctrine "is confined to cases of the kind from which the doctrine acquired its
26 name: cases brought by state-court losers complaining of injuries caused by state-court
27 judgments rendered before the district court proceedings commenced and inviting district
28 court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus.*

3

*Corp.*, 544 U.S. 280, 284 (2005). The Ninth Circuit has explained that "[a] federal district court dealing with a suit that is, in part, a forbidden de facto appeal from a judicial decision of a state court must refuse to hear the forbidden appeal."

Because Plaintiff seeks to challenge Judge Howard's decisions in his criminal case, the Court lacks subject matter jurisdiction over his claims.

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge Valerie P. Cooke (dkt. no. 4) be accepted and adopted in its entirety.

It is further ordered that plaintiff's application to proceed *in forma pauperis* (dkt. no. 1) is granted.

It is further ordered that the Clerk file plaintiff's proposed amended complaint (dkt. no. 3).

It is further ordered that the complaint is dismissed without prejudice, without leave to amend.

It is further ordered that plaintiff's motion to modify or set aside the Magistrate Judge's report and recommendation (dkt. no. 7) is denied.

It is further ordered that the Clerk enter judgment and close this case.

DATED THIS 26th day of April 2016.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE